**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LUIS GARCIA AND ORLANDO PEREZ, on behalf of themselves, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) | **NO.** 1:22-cv-00987 |
| | ) ) | |
| Plaintiffs, | ) ) | **Hon. Matthew F. Kennelly** **U.S. District Judge, Presiding** |
| v. | ) ) | Hon. Beth W. Jantz |
| THE PROFESSIONAL LOCKSMITH, INC., AN ILLINOIS CORPORATION, ORON NURIEL, INDIVIDUALLY AND GAL DRUCKER, INDIVIDUALLY | ) ) ) ) ) ) | Magistrate Judge  *JURY DEMAND* |
| Defendants. | ) | |

**PLAINTIFFS' UNOPPOSED MOTION FOR STAGE-ONE CONDITIONAL**
**CERTIFICATION OF FLSA COLLECTIVE ACTION AND TO BEGIN**
**NOTICE TO MEMBERS OF THE PLAINTIFF CLASS**

NOW COME Plaintiffs, Luis Garcia and Orlando Perez (the "Named Plaintiffs" or "Plaintiffs"), on behalf of themselves and all other Plaintiffs similarly situated, known or unknown and for their Unopposed Motion for Stage-One Conditional Certification of FLSA Collective Action and to Begin Notice to Members of the Plaintiff Class, state as follows:

1.      On February 24, 2022, Plaintiffs, on behalf of themselves and all other past and present similarly situated employees of Defendants, filed their claims for unpaid wages and other relief pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et. seq. ("FLSA"). Dkt. 1.

2.      On May 2, 2022, Defendants The Professional Locksmith, Inc.., Gal Drucker and Oron Nuriel (together, "TPL" or "Defendants") filed their Answer to the Complaint. Dkt. 12.

3.      The FLSA, pursuant to §216(b), permits the conditional certification of a class for purposes of notice to the Putative Class[1] to similarly situated employees that were allegedly subject

---

[1] *Creal v. Group O, Inc*., 155 F.Supp.3d 831, 837 (N.D. Ill. 2016); *Briggs v. PNC Fin. Servs. Grp., Inc.,* No. 15-cv-10447, 2016 WL 1043429, at * 1 (N.D. Ill. Mar. 16, 2016) (St. Eve, J.); *Sylvester v. Wintrust Fin. Corp.*, No. 12-C-01899, 2013 WL 5433593, at *2 (N.D. Ill. Sept. 30, 2013).

to a common policy or plan to violate the law.[2] Courts in this District routinely grant conditional certification of an FLSA collective class prior to substantial discovery.[3]

4.      Pursuant to 29 U.S.C. §216(b) and supporting case law, Plaintiffs move this Court to conditionally certify approve and allow sending of Notice to a Putative Class consisting of:

> **All similarly situated past and present locksmith workers, who, since February 2019, worked for Defendants and were paid by salary.**

5.      The Parties have negotiated the content of the Notice and Consent forms attached as **Exhibit A**, as well as email and text message notices attached as **Exhibit B**, both of which reflect content that has been approved on numerous occasions within this jurisdiction, as well as this Court, and which is appropriate to accomplish proper Notice to potential opt-in Plaintiffs who are entitled to the same.[4]

6.      In accordance with the Notice schedule attached hereto as **Exhibit C**, Plaintiffs request that the Court require Defendants to provide Plaintiffs' counsel with a list of the Putative Class members, with personal contact information for purposes of sending the notice , including home addresses, email addresses and telephone numbers within fourteen (14) days of this Court's Order granting this Motion. Additionally, concurrent with the production of the list of Putative Class members, Plaintiffs request this Court require Defendants to provide a certification, by way of declaration, as to the accuracy and completeness of said list.

7.      Upon the receipt of the contact information, Plaintiffs' counsels' office will effectuate the mailing/emailing/text messaging of the attached Notice and Consent forms[5], if approved by this Court, to the list of putative class members provided by Defendants. Courts in

---

[2] *Russell v. Ill. Bell Tel. Co.*, 575 F.Supp.2d 930, 933 (N.D. Ill. 2008); *Pieksma*, 2016 WL 7409909 at *1; *Salmans v. Byron Udell & Assoc., Inc.*, No. 12-C-3452, 2013 WL 707992, at *5 (N.D. Ill. Feb. 26, 2013).
[3] *Briggs*, 2016 WL 1043429 at *2 (granting conditional certification of nationwide class of employees alleged to be misclassified as exempt before any discovery occurred)
[4] See *Hadden, et al. v. Quick Key, Inc., et al.*, Case No. 21-cv-2746, Dkt. 22, 23. The instant *Garcia* matter was consolidated with *Hadden*, which involves near identical parties and allegations. Dkt. 15.
[5] Attached hereto as **Exhibit B** are scripts for email and text message notice that consider formatting and character count differences as to those forms of communication.

this District, including this Court, routinely permit issuing of Notice by email and text message.[6]

8.   The Notice provides for a 45 day "opt-in" period that will begin on the date the Notice and Consent forms are first distributed by Plaintiffs' counsel. Each week, Plaintiffs' counsel will file all returned Consent forms for any opt-in plaintiffs to date. and Defendants shall, on a rolling basis, produce any and all relevant payroll records and other documents not previously produced for the members of the Plaintiff Class as they opt-in.

9.   The Parties suggest a telephonic status date approximately 75 days from the Court's granting of this Motion. At that status, the Parties will be able to inform the Court of the scope of remaining tasks associated with the Parties' settlement efforts.

**WHEREFORE**, Plaintiffs request this Court enter an order:

   a) granting Plaintiffs' Unopposed Motion for Stage-One Conditional Certification of FLSA Collective Action and to Begin Notice to Members of the Plaintiff Class;

   b) requiring Defendants to provide Plaintiffs' counsel with a list of the Putative Class members, with personal contact information, within fourteen (14) days of this Court's Order;

   c) concurrent with the production of the list of Putative Class members, requiring Defendants to provide a certification, via declaration, as to the accuracy and completeness of said list;

   d) and for such other relief requested herein and as the Court deems appropriate under the circumstances.

---

[6] *Grosscup v. KPW Management, Inc*., 261 F.Supp.3d 867, 880 (N.D. Ill. 2017) (authorizing notice be sent by email because "communication by email is the   norm" and "enhances the chance potential plaintiffs receive the notice."); *Boltinghouse v. Abbot Labs., Inc.,* 196 F.Supp.3d 838, 844 (N.D. Ill. 2016) (permitting notice to be sent by both mail and email because doing so advances the remedial purposes of the FLSA by increasing the likelihood that all potential opt-in plaintiffs will receive notice); *Watson v. Jimmy John's, LLC*, No. 15-C-6010, 2016 WL 106333, at *1 (N.D. Ill. Jan. 5, 2016) (finding "allowing email notice will facilitate, rather than complicate, the notice process, and that the likelihood that unauthorized reproduction or dissemination of manipulated notices will disrupt the litigation is slight."); *Brashier v. Quincy Property, LLC,* No. 3:17-CV-3022, 2018 WL 1934069, at *6-7 (C.D. Ill. April 24, 2018) (finding notice by text message appropriate); *Owens v. GLH Capital Enterprise, Inc*., No. 3:16-CV-1109-NJR-SCW, 2017 WL 2985600, at *5 (S.D. Ill. July 13, 2017) (permitting notice be sent via text message).

Respectfully submitted,

*Electronically Filed 06/02/2022*

/s/ Samuel D. Engelson

Samuel D. Engelson
Attorney for Plaintiffs
Billhorn Law Firm
53 W. Jackson St., Suite 1137
Chicago, IL 60604

/s/ Walker R. Lawrence

Walker R. Lawrence
Attorney for Defendants
Levin Ginsburg
180 N LaSalle St, Suite 3200
Chicago, IL, 60601